**Shahin SHAHLAPOUR–ANISI, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–70286.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2010.

Filed June 17, 2010.

Shawn Sedaghat, Esq., Law Offices of Shawn Sedaghat, Hollywood, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Blair O'Connor, Assistant Director, U.S. Department of Justice, Washington, DC, for Respondent.

Before: KOZINSKI, Chief Judge, RAWLINSON, Circuit Judge, and MARBLEY, District Judge.*

**MEMORANDUM**\*\*

The IJ found numerous inconsistencies in Shahlapour–Anisi's oral testimony that "go to the heart of [her] asylum claim," *Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002) (quoting *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001)), and "provide adequate support for the IJ's negative credibility finding," *Kasnecovic v. Gonzales,* 400 F.3d 812, 815 (9th Cir.2005). We therefore "defer to the IJ's . . . findings and uphold the denial of asylum relief." *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

We also deny Shahlapour–Anisi's application for withholding of removal because "[a] failure to satisfy the lower standard of proof required to establish eligibility for asylum . . . necessarily results in a failure to demonstrate eligibility for withholding of deportation." *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Finally, we reject Shahlapour–Anisi's contention that the IJ violated her due process rights by admitting and relying on the March 5, 1987 Order to Show Cause because there is a presumption of regularity in the delivery of documents by a government official. *See Kohli v. Gonzales,* 473 F.3d 1061, 1067–68 (9th Cir.2007). Shahlapour–Anisi's equivocal testimony

---

\* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

622
622

that she didn't recall whether she was served with the Order to Show Cause fails to overcome this presumption.

**DENIED.**